UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X   Index No.:
BRIAN COULOMBE,

                Plaintiff,

                                                                                **COMPLAINT**

   -against -

ONE MORE COMPANY, INC., AND FLORIAN SEROUSSI,

                Defendants.
-------------------------------------------------------------------------------X

      Plaintiff, **BRIAN COULOMBE**, by and through his attorneys, THE LAW OFFICE OF ALAN J. SASSON, P.C. respectfully alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This action is brought individually to recover unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2. This action is also brought to recover overtime wages and spread of hours pay under the New York Labor Law § 190, et seq. and the supporting regulations ("NYLL"), as well as liquidated damages for wage notice and wage statement violations under NYLL § 198.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $150,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §§ 1331 and §§ 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights. The

supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims, as such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

6. Plaintiff **BRIAN COULOMBE** ("**Plaintiff**"), a resident and domiciliary of University Park, Maryland and was employed from in or around March 2005 until in or around February 2021 by Defendant **OMC**, located at 61 Broadway, New York New York 10006. At all times relevant to this complaint, Plaintiff was an "employee" of Defendants as the term is defined by the FLSA and NYLL.

7. Defendant **ONE MORE COMPANY, INC.** ("**OMC**" or "**The Company**") at all times relevant, was and still is a privately held corporation organized and existing under the laws of the State of New York, with its principal place of business located at 61 Broadway, New York New York 10006. At all times relevant to this charge, Defendant was Plaintiff's "employer" as the term is defined by the FLSA and NYLL.

8. Defendant **FLORIAN SEROUSSI**, ("**SEROUSSI**") is a resident and domiciliary of New York County, New York. At all times relevant Defendant was Plaintiff's "supervisor" as the term is defined by the FLSA and NYLL and is also the owner of the Company.

**FACTUAL ALLEGATIONS**

9. Upon information and belief, Defendant SEROUSSI owns, operates and makes managerial decisions for Defendant OMC.

10. Upon information and belief, Defendant SEROUSSI is the Chief Executive Officer of OMC.

11. Upon information and belief, Defendant SEROUSSI is an agent of OMC.

12. Upon information and belief, Defendant SEROUSSI has power over personnel decisions at OMC and distributed pay to Plaintiff.

13. Defendant SEROUSSI has the power to hire and fire employees at OMC, establish and pay their wage, set their work schedule, and maintain their employment records.

14. Defendant SEROUSSI personally hired Plaintiff to work at OMC.

15. At all relevant times herein, Defendants were "employers" and "persons" within the meaning of the FLSA and NYLL.

16. At all relevant times herein, Defendants SEROUSSI and OMC are joint employers of Plaintiff.

17. On information and belief, OMC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales not less than $500,000.00.

18. At all relevant times, Defendant SEROUSSI has had the power over personnel decisions for Defendant OMC, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

19. At all relevant times, Defendant SEROUSSI has had the power over personnel decisions for Defendant OMC, including the power to retain time and wage records.

20. At all relevant times, Defendant SEROUSSI has been actively involved in managing the day-to-day operations of OMC.

21. At all relevant times, Defendant SEROUSSI has had the power to stop any illegal pay practices that harmed Plaintiff.

22. At all relevant times, Defendant SEROUSSI has had the power to transfer the assets and liabilities of OMC.

23. At all relevant times, Defendant SEROUSSI has had the power to declare bankruptcy on behalf of COMPANY.

24. At all relevant times, Defendant SEROUSSI has had the power to enter into contracts on behalf of OMC.

25. At all relevant times, Defendant SEROUSSI has had the power to close, shut down, and sell OMC.

26. Defendant SEROUSSI is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed the Plaintiff.

27. In his capacity as owner, Defendant SEROUSSI operates and makes managerial decisions for Defendant OMC.

28. Plaintiff was interviewed and hired by Defendant SEROUSSI.

29. Plaintiff was employed by OMC and SEROUSSI as director of customer acquisition and marketing at Defendants' offices.

30. Plaintiff's period of employment with Defendants spanned from in or around June 19, 2017 until May 28, 2019.

31. Plaintiff was paid $3,981.32 bi-weekly by the Defendants.

32. During the course of his employment, Plaintiff would regularly work an average of 10 hours per day, five days a week.

33. As part of their regular business practice, Defendants have willfully, intentionally and repeatedly harmed Plaintiff by engaging in a policy of violating the FLSA and the NYLL by:

    a. Failing to pay Plaintiff his duly earned wages;

    b. Failing to keep accurate and adequate records of wages paid to Plaintiff and hours worked by Plaintiff, as required by the FLSA and the NYLL;

    c. Failing to comply with the posting and notice requirements of the FLSA and the NYLL.

34. Upon information and belief, Defendants' unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

35. Defendants' unlawful conduct has been repeated and consistent.

36. Defendant's unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff.

37. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

38. Defendants have not made a good faith effort to comply with the law with respect to the Plaintiff's compensation.

39. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 USC § 255.

40. Defendants maintained employment records for Plaintiff.

41. Consistent with the Defendants' policies and patterns of practice, Defendants did not pay the Plaintiff the proper overtime wages and spread-of-hours pay for the time that she was required or permitted to work each workweek.

42. Despite numerous requests from Plaintiff, Defendants willfully withheld pay from Plaintiff on the following dates:  February 28, 2019, March 28, 2019. April 11, 2019, April 28, 2019, May 11, 2019, and May 28, 2019.  To date Defendants have unlawfully refused to pay Plaintiff his duly earned wages.

43. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

44. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

45. Defendants failed to furnish Plaintiff with accurate statements of wages, hours worked, rates paid, and gross wages.

46. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $150,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all his legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Unpaid Labor**

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48. The wage provisions set forth in the FLSA, 29 USC § 201 et seq. and the supporting federal regulations, apply to Defendants and protect the Plaintiff in this action.

49. Defendants willfully failed to pay Plaintiff wages for time worked to which Plaintiff was entitled under 29 USC §§206(a) in violation of 29 USC §207(a)(1).

50. Defendant's unlawful conduct has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

51. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 USC § 201 et seq.

52. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA, in an amount to be determined at trial, and are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 USC § 201 et seq.

## SECOND CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Notices

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

54. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate of pay and overtime rate of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commission deems material and necessary.

55. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated Article 6 of the NYLL, § 190, and the supporting New York State Department of Labor Regulations.

56. Due to Defendants' willful violations of the NYLL, Defendants are liable to Plaintiff in the amount of $5,000.00 together with reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Statements

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "56" herein with the same force and effect as if the same were set forth at length herein.

58. Defendants have willfully failed to supply Plaintiff with accurate statements of wages, as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate of pay and overtime rate of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

59. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated Article 6 of the NYLL, § 190, and the supporting New York State Department of Labor Regulations.

60. Due to Defendants' willful violations of the NYLL, Defendants are liable to Plaintiff in the amount of $5,000.00 together reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff demands judgment from the Defendant as follows:

A. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

B. Issuance of a declaratory judgment that the practices complained of are unlawful under the NYLL, Article 6, § 190, NYLL, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

C. Unpaid wages, spread-of-hours pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

D. Statutory penalties of Five Thousand ($5,000.00) Dollars for Defendants failure to provide Plaintiff with wage notices, as provided for by NYLL, Article 6, §198;

E. Statutory penalties of Five Thousand ($5,0000.00) Dollars for Defendants failure to provide Plaintiff with accurate wage statements, as provided for by NYLL, Article 6 §198;

F. Prejudgment and post-judgment interest;

G. An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

H. Reasonable attorneys' fees and costs of the action;

I. Providing that if any amounts awarded pursuant to the New York Labor Law remain unpaid upon the expiration of ninety (90) days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is alter, the total amount of judgment shall automatically increase by fifteen (15%) percent, as required by NYLL§ 198(4).; and

J. Such other relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  Brooklyn, New York
        October 12, 2021

                                                      Respectfully Submitted,

                                                      *Jonathan Tand*
                                                      Jonathan A. Tand, Esq.
                                                      Law Office of Alan J. Sasson, P.C.
                                                      2102 Avenue Z, Suite 201
                                                      Brooklyn, NY 11235
                                                      Ph. 718-339-0856
                                                      Fax: 347-244-7178